AMERICAN STRUCTURAL STEEL CO. v. RUSH.

(Supreme Court, Appellate Term.   November 29, 1907.)

1. APPEAL—REVIEW—HARMLESS ERROR.
   That plaintiff recovers on a mistaken view of the character of the agreement upon which the suit is based is not ground for reversal, where he is entitled to recover in any event.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 4034.]

2. SAME—ESTOPPEL TO ALLEGE ERROR—EXCLUSION OF EVIDENCE.
   Defendant owed plaintiff $500, and they agreed that defendant should sue to recover $1,000 due him from another, plaintiff to receive one-half of the amount recovered less expenses of suit, and in case of failure to recover they were to share the costs and defendant was to be released from his debt.  Upon defendant's failure to carry out the agreement, plaintiff sued him for the debt.  Held that, evidence as to what would have been the expenses of the action defendant was to bring having been excluded as immaterial on his objection, he was estopped to complain that a find-

ing for the full amount of the debt was unauthorized, on the ground that the expenses of the other action were to have been deducted.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 3591, 3600.]

Appeal from City Court of New York, Trial Term.

Action by the American Structural Steel Company against Myron C. Rush. From a judgment for plaintiff, defendant appeals. Affirmed.

See 100 N. Y. Supp. 1019.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

James W. Ridgway (Thomas Kelby, of counsel), for appellant.
Merrill & Rogers (Alfred H. Holbrook, of counsel), for respondent.

ERLANGER, J. On the 6th day of November, 1905, the defendant being at the time indebted to the plaintiff for material furnished as subcontractor in constructing a school building in Queens, entered into an agreement in writing whereby he admitted that he was indebted to the plaintiff in the sum of $500, balance due, on account of materials furnished and work done. It was further provided in the agreement that there was due to the defendant from the city of New York the sum of $1,000, which was retained by said city from him. To recover this last-named amount the defendant agreed that he would within 60 days from the date of said agreement institute suit in his behalf against the city, and out of any moneys received by him by or through said suit, or as the result of any settlement thereof or compromise of said claim, he would, upon the receipt of said moneys, forthwith pay to the plaintiff one-half thereof, less the cost and expenses of said suit, including the attorney's fees, all which were to be deducted from the amount recovered. It was mutually agreed that, if the action against the city should be unsuccessful, the plaintiff would share equally with the defendant in the payment of the cost and expenses thereof, including the attorney's fees. The one-half agreed to be accepted by the plaintiff, less the expenses mentioned, was to be in full satisfaction of all his claim against the defendant. In the event of the defendant being defeated by the city, the defendant was not required to pay the $500, but was to be wholly released from all liability to the plaintiff by reason of said claim. This agreement was clearly for the benefit of the defendant. By its performance he had nothing to lose. If he succeeded against the city, and obtained judgment against it, he was to pay one-half, and if he was defeated in the action he was to be discharged from his liability to the plaintiff, who obligated itself, in the event of the action being lost, to share half of the expense incurred in prosecuting the action. The defendant neglected to bring an action against the city within the time limited, and thereupon this action was brought to recover the $500 concededly owing from him. The plaintiff recovered upon the theory that the damages were stipulated by the agreement. While this was a mistaken view of the writing, it affords no reason for a reversal, if no injustice was done. We are of the opinion that the verdict was right.

It is urged that the contract is not founded upon a sufficient consideration, and hence unenforceable; but that question was decided adversely to the defendant upon the former appeal. And so it is contended that a finding of $500 was unauthorized, because the costs and expenses of the action, if it had been brought, would have been deductible from that amount; but when plaintiff attempted to prove what the reasonable cost and expense would be, if such action had been commenced, he was met by defendant's objection that such evidence was immaterial and irrelevant, and he succeeded in excluding the same. The defendant has thus estopped himself from assailing the record in that regard. Had the defendant proceeded against the city, as he agreed to do, presumably he would have recovered the amount asserted by him to be due. After refusing to sue, it does not lie in his mouth to urge that it was incumbent upon plaintiff to establish in this action that the $1,000 was due from the city and could have been recovered.

The judgment should be affirmed, with costs. All concur.